PEOPLE v. BENDONI.

1. PARDON—PAROLE—STATUTES.
   Prisoner, while at large by virtue of his parol, is, by statute, deemed to be serving sentence imposed upon him, and remains in legal custody and under control of warden of prison from which he was paroled (3 Comp. Laws 1929, § 17522).

2. SAME—ARREST—CRIMINAL LAW.
   If paroled prisoner was merely in certain city in violation of condition of his parole, that was no crime, and gave no right to police officer to arrest him.

3. ARREST—CRIMINAL LAW—UNLAWFUL ARREST—SEARCHES AND SEIZURES—SUPPRESSION OF EVIDENCE.

> Where arrest of paroled prisoner was unlawful, search of his person was without warrant of law, and therefore evidence found on him should have been suppressed, on motion therefor, in his subsequent prosecution for carrying concealed weapon.

4. PARDON—STATUTORY PROCEDURE RELATING TO PAROLE EXCLUSIVE.

> Statute regulating subject of parole provides all procedure, and, having no common-law background, is exclusive (3 Comp. Laws 1929, §§ 17522, 17524–17526).

Appeal from Recorder's Court of Detroit; Brennan (John V.), J. Submitted April 14, 1933. Docket No. 130, Calendar No. 37,010.) Decided May 16, 1933.

Louis Bendoni was convicted of carrying a concealed weapon. Reversed.

*Chas. L. Brown,* for appellant.

*Patrick H. O'Brien,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *Edmund E. Shepherd,* Assistant Prosecuting Attorney, for the people.

WIEST, J. July 28, 1926, defendant was sentenced to imprisonment in the State prison at Jackson, from 3 to 15 years, for the crime of robbery armed. August 24, 1931, he was paroled from the State prison to Harvey E. Swartz, at Hickory, Pennsylvania, as next friend and adviser, for a period of six months and upon condition that he should not return to the State of Michigan during the balance of his maximum sentence. January 2, 1932, a police officer in the city of Detroit, who knew defendant and was aware of his conviction, sentence, and

parole conditions, found him on one of the streets in that city and took him into custody as a suspected parole violator. At the police station defendant was searched, and upon his person was found a German Luger 38-millimeter firearm. Thereupon he was charged with carrying a concealed weapon, was tried, convicted, and sentenced to the prison from which he was paroled, and is there to serve out his old sentence, and, thereafter, his new sentence of four and one-half to five years. At the time the officer arrested defendant he had in his possession, and exhibited to the officer, a certificate, signed by Harvey E. Swartz, stating that he had given defendant "permission to be away from Washington county, Pennsylvania, for a period of two weeks starting December 22, 1931, for the purpose of spending the holidays with his sister at Detroit, Michigan."

Claiming that his arrest was unlawful and the search of his person was without warrant of law, defendant moved the court to suppress the evidence found upon his person. The motion was denied. Should the court have granted the motion?

Defendant, while at large by virtue of his parole, was, by statute, deemed to be serving the sentence imposed upon him. 3 Comp. Laws 1929, § 17522. Defendant, while on parole, remained in the legal custody and under the control of the warden of the prison from which he was paroled, and he was subject at any time to be taken back within the inclosure of the prison for any reason satisfactory to the warden, who had full power to retake and so return him by written order, authorizing officers named therein to return him to actual prison custody. Had defendant been so returned to prison, report of the fact would have been made to proper author-

ity and a hearing would have followed. 3 Comp. Laws 1929, § 17524.

"A convict violating the provisions of his parole and for whose return a warrant has been issued by the warden or superintendent shall, after the issuance of such warrant be treated as an escaped prisoner owing service to the State, and shall be liable, when arrested, to serve out the unexpired portion of his maximum imprisonment." 3 Comp. Laws 1929, § 17525.

"Any prisoner committing a crime while at large upon parole or conditional release and being convicted and sentenced therefor shall serve the second sentence to commence from the date of the termination of the first sentence after the first sentence is served or annulled." 3 Comp. Laws 1929, § 17526.

The record does not disclose any action by the warden looking toward the apprehension of defendant previous to the arrest.

If defendant was in the city of Detroit in violation of the condition of his parole, that was no crime, and the police officer had no right to arrest him. The arrest was unlawful, the search of his person at the police station was without warrant of law, and the evidence found should have been suppressed on defendant's motion.

The statute regulates the subject of parole, provides all procedure, and, having no common-law background, is exclusive.

Without the evidence furnished by the unlawful search there could have been no conviction. The conviction is reversed.

We understand the defendant is in prison, and there he may be dealt with according to law under his previous conviction and sentence.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.