*In re* CASELLA.

1. PARDONS AND PAROLES—POWER TO GRANT AND REVOKE PAROLES—JURISDICTION.

Constitutional authorization to legislature to provide for release of persons imprisoned on indeterminate sentences empowered it to give parole board exclusive jurisdiction as to granting and revocation of paroles (Const. 1908, art. 5, § 28; Act No. 255, chap. 3, § 6, Pub. Acts 1937).

2. SAME—BUREAU OF PARDONS AND PAROLES—VIOLATION OF PAROLE.
The administrative procedure prescribed in statute providing for the bureau of pardons and paroles under the corrections commission fully and adequately protects the rights of a parolee, charged with having violated the conditions of his parole, as he is deemed to remain in the custody of the corrections commission (Act No. 255, chap. 3, §§ 6, 8–10, Pub. Acts 1937).

3. HABEAS CORPUS—OFFICERS—DISCRETION—STATUTES.
In a habeas corpus proceeding to obtain prisoner's release from custody under warrant of assistant director of bureau of pardons and paroles on charge of violating parole, it cannot be assumed that arbitrary action will be taken, that statutory requirements will not be observed, that powers vested in the administrative officers involved will be abused, or that duties as prescribed by the law will not be observed and the courts may not interfere with the performance of administrative functions vested in such officers (Act No. 255, chap. 3, §§ 6, 8–10, Pub. Acts 1937).

4. PARDONS AND PAROLES—VIOLATION.
A prisoner who applies for a parole under the statute agrees to its terms and fully understands that for misconduct as set forth in the statute he may be taken back to serve out his term of sentence (Act No. 255, Pub. Acts 1937).

5. SAME—RECALL OF PAROLEE—COURTS.
The power of recall of a parolee lodged in administrative officers is of the very essence of the indeterminate sentence law, provides the incentive to good behavior to the parolee through fear of being again imprisoned, and may be vested in any officer or board without any interference with judicial or executive constitutional authority (Act No. 255, Pub. Acts 1937).

6. SAME—DISCRETION OF OFFICERS—VIOLATION OF PAROLE—COURTS.
Under the constitutional provision for indeterminate sentences the legislature may confer upon administrative officers the power to determine whether a prisoner may safely be released and allowed temporary freedom and whether a parolee has violated his contract of parole without interference by courts (Act No. 255, Pub. Acts 1937).

7. HABEAS CORPUS—PAROLE VIOLATOR.
Parolee who was arrested on charge of violating parole was shown to have been lawfully in custody, hence habeas corpus proceeding filed on his behalf should have been dismissed when answer of assistant director in charge of bureau of

pardons and paroles was filed setting forth the reasons for detention of parolee and introduction in evidence of the warrant (Act No. 255, chap. 3, §§ 6, 8–10, Pub. Acts 1937).

Appeal from Wayne; Miller (Guy A.), J. Submitted October 24, 1945. (Docket No. 60, Calendar No. 43,061.) Decided January 7, 1946.

Habeas corpus by Anthony Casella to obtain his release from custody of Wayne county sheriff. Answer by Assistant Director in charge of Bureau of Pardons and Paroles of State of Michigan. Writ granted. Assistant Director appeals. Reversed.

*Anthony A. Esperti,* for plaintiff.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Perry A. Maynard,* Assistants Attorney General for appellant.

CARR, J. Following his conviction in the recorder's court for the city of Detroit on a charge of robbery not armed, the appellee Anthony Casella was, on March 30, 1939, sentenced to the State prison for southern Michigan at Jackson for not less than 6 nor more than 15 years. He remained in the institution until May 5, 1944, at which time he was released on parole for a period of two and one-half years. On July 26th, following, he was taken into custody by an officer of the State bureau of pardons and paroles and placed temporarily in the Wayne county jail. The assistant director in charge of the bureau of pardons and paroles issued his warrant on August 2, 1944. It is conceded that appellee was thereupon detained in custody pursuant to said warrant.

Appellee's attorney, on August 4, 1944, acting in behalf of appellee, filed a petition for writ of habeas corpus in the circuit court of Wayne county. The writ was served on the sheriff who thereupon filed his return, stating therein that Casella was taken into custody by a State parole officer "charged with parole violation." Casella was produced in court and after an informal proceeding, was released in the custody of his attorney. At a subsequent hearing he was admitted to bail in the sum of $500, conditioned that he appear before the State corrections commission when notified to do so.

An answer to the petition for the writ was filed on behalf of the assistant director in charge of the bureau of pardons and paroles. It was therein set forth that Casella was being held by virtue of the warrant above referred to and that he had previously been taken into custody for violating the conditions of his parole. The answer further alleged that the work record of the appellee was unsatisfactory, that he left his place of employment improperly, that he had failed to cooperate with his parole officer, and that his conduct was antisocial. Because of such alleged unsatisfactory attitude the answer further asserted that a psychiatric examination of appellee should be had. The answer concluded with a prayer for dismissal. This answer was filed August 9, 1944, and on the same day at an adjourned proceeding before the court the warrant issued by the assistant director was offered in evidence and received.

The record does not disclose that any testimony was taken before the trial court, the successive proceedings consisting of arguments between counsel and colloquies between counsel and the court. The appellee, without being sworn, was permitted to make certain statements with reference to his conduct. The trial court was insistent that appellee

remain on bond until summoned to hearing before the parole board and that he should not be returned to the prison prior to such hearing. It was the position of the board, however, that it could not properly proceed with the statutory hearing until the habeas corpus proceeding had been dismissed. The matter was finally set for hearing on September 29, 1944, at which time the court made an order discharging appellee. From such order the assistant director, having obtained leave from this court, appeals.

The opinion of the trial court indicates that the order of dismissal was based on the failure of counsel, appearing for the assistant director, to offer evidence that the warrant was issued upon a showing of probable violation of the parole. In his reply to the answer of the assistant director, appellee denied that he had been guilty of conduct authorizing issuance of the warrant or revocation of the order of parole. On behalf of the appellant it is insisted that under the statute, Act No. 255, chap. 3, § 8, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 17543–48, Stat. Ann. 1945 Cum. Supp. § 28.2108), the granting and revocation of paroles are purely administrative functions and that the parole board is given exclusive jurisdiction as to such matters. In view of the authority expressly granted by Constitution 1908, art. 5, § 28, the right of the legislature to so provide is not open to question. Chapter 3, § 6, of the 1937 act (Comp. Laws Supp. 1940, § 17543–46, Stat. Ann. 1945 Cum. Supp. § 28.2106), specifically declares:

"Any order of parole may be amended, revised, modified or rescinded at the discretion of the parole board."

Section 8 of said chap. 3 (Act No. 255, Pub. Acts 1937 [Comp. Laws Supp. 1940, § 17543–48, Stat.

Ann. 1945 Cum. Supp. § 28.2108]), further provides:

"Every prisoner on parole shall remain in the legal custody and under the control of the commission. The assistant director of the bureau of pardons and paroles is hereby authorized, at any time in his discretion, and upon a showing of probable violation of parole, to issue a warrant for the return of any paroled prisoner to the penal institution from which he was paroled. Pending hearing, as hereinafter provided, upon any charge of parole violation, the prisoner shall remain incarcerated in such penal institution.

"A prisoner violating the provisions of his parole and for whose return a warrant has been issued by the assistant director of the bureau of pardons and paroles shall, after the issuance of such warrant be treated as an escaped prisoner owing service to the State, and shall be liable, when arrested, to serve out the unexpired portion of his maximum imprisonment, and the time from the date of his declared delinquency to the date of his arrest shall not be counted as any part or portion of the time to be served. The warrant of the assistant director of the bureau of pardons and paroles shall be a sufficient warrant authorizing all officers named therein to return such paroled prisoner to actual custody in the penal institution from which he was released.

"If any paroled prisoner shall fail to return to the prison enclosure when required by the assistant director of the bureau of pardons and paroles, or if he makes escape while on parole, he shall be treated in all respects as if he had escaped from the prison enclosure, and shall be subject to be retaken as provided by the laws of this State. * * *

"A parole granted a prisoner shall be construed simply as a permit to such prisoner to go without the enclosure of the prison, and not as a release, and while so at large he shall be deemed to be still serving out the sentence imposed upon him by the

court, and shall be entitled to good time the same as if he were confined in prison."

Chapter 3, § 9 (Comp. Laws Supp. 1940, § 17543–49, Stat. Ann. 1945 Cum. Supp. § 28.2109), under which the parole officer presumably acted in taking appellee into custody in the first instance, authorizes an arrest without a warrant when the officer making such arrest has reasonable grounds to believe that a paroled prisoner has violated his parole. Section 10 of the same chapter (Comp. Laws Supp. 1940, § 17543–50, Stat. Ann. 1945 Cum. Supp. § 28.2110) requires a fair and impartial hearing before the parole board under such rules and regulations as the board may adopt. The administrative procedure that is thus prescribed is such as to fully and adequately protect the rights of a parolee, charged with having violated the conditions of his parole. Under the language of section 8, above quoted, the legislative intent is clearly manifest that the prisoner on parole shall continue subject to the control of the commission. When charged with having violated the conditions under which he has been permitted to go without the enclosure of the prison, such prisoner is to remain incarcerated in the institution until the hearing has been had and final disposition of the matter at issue is made. It cannot be assumed, for the purpose of a habeas corpus proceeding, that arbitrary action will be taken or that the requirements of the statute will not be observed.

This court, in *People* v. *Cook*, 147 Mich. 127, 132, construed the indeterminate sentence law of 1905, Act No. 184, Pub. Acts 1905,* and, discussing the status of a prisoner on parole, said:

---

* See 3 Comp. Laws 1929, § 17521 *et seq.*, as amended by Act No. 115, Pub. Acts 1931 (Comp. Laws Supp. 1935, §§ 17521–1, 17526–1, Stat. Ann. § 28.1311 *et seq.*).—REPORTER.

''The paroled prisoner is regarded as still under the control of the prison authorities. When the prisoner applies for his parole, he applies under the provisions of the law, agrees to its terms, and fully understands that for the misconduct provided in the statute he may be taken back to serve out his term of sentence. This power of recall is lodged in the warden, subject to review by the board of pardons. The prisoner applies for and obtains his release upon those terms, and no other. They are of the very essence of the indeterminate sentence law. Without the power to retake the prisoner there would be no incentive to good behavior through fear of being again imprisoned. This power of release and recall may be vested in any officer or board without any interference with judicial or executive constitutional authority.   *   *   *

''Under the constitutional amendment and the indeterminate sentence law enacted under it, however, the legislature may confer upon the governor, the warden, the prison boards, or the so-called board of pardons the power to determine whether the conduct of a prisoner is such that he may safely be released and allowed his temporary freedom, and to determine whether he has chosen to turn from his criminal ways and become a law-abiding citizen, or whether he has violated his contract of parole. The power to determine the conditions of a release and the violation of the release is no more judicial than was the power under the old law to determine under what conditions a prisoner might shorten his term of imprisonment.''

In *People* v. *Bendoni,* 263 Mich. 295, it was said:

''Defendant, while at large by virtue of his parole, was, by statute, deemed to be serving the sentence imposed upon him. 3 Comp. Laws 1929, § 17522 (Stat. Ann. § 28.1313). Defendant, while on parole, remained in the legal custody and under the control of the warden of the prison from which

he was paroled, and he was subject at any time to be taken back within the enclosure of the prison for any reason satisfactory to the warden, who had full power to retake and so return him by written order, authorizing officers named therein to return him to actual prison custody. Had defendant been so returned to prison, report of the fact would have been made to proper authority and a hearing would have followed.''

See, also, *In re Holton,* 304 Mich. 534; *In re Dawsett,* 311 Mich. 588; *Commonwealth, ex rel. Banks,* v. *Cain,* 345 Pa. 581 (28 Atl. [2d] 897, 143 A. L. R. 1473); *Anderson* v. *Corall,* 263 U. S. 193 (44 Sup. Ct. 43, 68 L. Ed. 247); *Hines* v. *State Board of Parole,* 293 N. Y. 254 (56 N. E. [2d] 572).

Act No. 255, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 17543–11 *et seq.,* Stat. Ann. 1945 Cum. Supp. § 28.2071 *et seq.*), clearly defines the status of a prisoner who is permitted to go at large on parole. He is subject to the control of the State corrections commission and the bureau of pardons and paroles thereof. The powers and duties of the administrative officers concerned are likewise clearly defined. Courts may not assume that such powers will be abused or that the duties as prescribed by the law will not be observed; nor may the courts interfere with the performance of administrative functions thus vested.

The answer to the petition for the writ of habeas corpus, filed on behalf of the assistant director, sets forth the reasons for the issuance of the warrant under which appellee was detained at the time the writ issued. No claim is made that said warrant was not in the form contemplated by the statute. The question as to whether appellee's conduct was in violation of the order of parole was, under the statute, for the determination of the parole board.

On the filing of the answer to the petition for the writ, and the introduction in evidence of the warrant, it was shown that appellee was lawfully in custody, and the proceeding should have been dismissed. *In re Leib,* 255 Mich. 601; *In re Stone,* 295 Mich. 207.

The order discharging appellee is reversed and appellee remanded to custody of the State corrections commission.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.