**BROWN v. JACQUES, Warden, et al.**

Civ. A. No. 325.

United States District Court
W. D. Michigan, N. D.

May 8, 1950.

Robert L. Brown in pro. per.

Stephen J. Roth, Attorney General of Michigan, Walter H. Taylor, Assistant Attorney General, for respondents.

STARR, District Judge.

On February 1, 1950, Robert L. Brown, an inmate of the branch State prison at Marquette, Michigan, filed petition in this court for a writ of habeas corpus. In their return to an order to show cause, the respondents denied petitioner's right to the writ.

From the petition and attached exhibits it appears that in July, 1927, Brown pleaded guilty of the crime of grand larceny, and was sentenced in the recorder's court for the city of Detroit to a term of 2½ to 5 years; that he was paroled August 1, 1929; that while on parole he was convicted of the crime of robbery armed and on November 21, 1929, was sentenced to a term of 10 to 30 years. He was returned to prison as a parole violator and, with credit for good time, completed his 2½-to-5-year sentence on December 17, 1931. He then began serving his 10-to-30-year sentence. It further appears that on October 5, 1938, he was paroled; that while on parole he was again convicted of the crime of robbery armed and on December 29, 1941, was sentenced to 10 to 15 years. On February 4, 1942, he pleaded guilty to a charge of breaking and entering and was sentenced to

a term of 5 to 15 years, the last two sentences to run concurrently. Each of these sentences provided that it was for the specified period "from and including this date."

In August, 1942, the Michigan parole board entered an order determining Brown to be a parole violator under the 1929 sentence and requiring him to complete that sentence before commencing the 1941 and 1942 sentences. On September 13, 1949, the parole board entered an order terminating Brown's 1929 sentence of 10 to 30 years as of August 30, 1949, and further providing that his 1941 and 1942 sentences "will therefore commence on August 31, 1949."

In his petition Brown contends in substance that, as the 1941 and 1942 sentences specified definite periods "from and including this date," the beginning of those sentences could not be deferred by the parole board until such time as he had completed the 1929 sentence of 10 to 30 years, or until that sentence had been terminated or annulled. In other words, he contends that the 1941 and 1942 sentences were for definite terms beginning on the dates the sentences were imposed, and that, with credit for good time, they would terminate February 2, 1950. He argues that the parole board unlawfully extended such sentences by commencing the terms thereof on August 31, 1949, after his prior 10-to-30-year sentence had been terminated.

The petitioner raises no question as to the legality of his past and present sentences, and his petition merely indicates a dispute with the Michigan parole board relative to the date when he will be entitled to a discharge from prison. After careful consideration of the petition and the return of the respondents, the court concludes that the petition is without merit for the following reasons:

■ (1) Michigan Compiled Laws 1948, § 791.36, Stat.Ann.Cum.Supp. § 28.2176, provides in part:

"Every prisoner on parole shall remain in the legal custody and under the control of the commissioner of corrections. The director of the division of pardons, paroles and probation is hereby authorized, at any time in his discretion, and upon a showing of probable violation of parole, to issue a warrant for the return of any paroled prisoner to the penal institution from which he was paroled. Pending hearing, as hereinafter provided, upon any charge of parole violation, the prisoner shall remain incarcerated in such penal institution.

"A prisoner violating the provisions of his parole and for whose return a warrant has been issued by the said director shall, after the issuance of such warrant, be treated as an escaped prisoner owing service to the state, *and shall be liable, when arrested, to serve out the unexpired portion of his maximum imprisonment,* and the time from the date of his declared delinquency to the date of his arrest shall not be counted as any part or portion of the time to be served. The warrant of the said director shall be a sufficient warrant authorizing all officers named therein to return such paroled prisoner to actual custody in the penal institution from which he was released. * * *

"*Any prisoner committing a crime while at large upon parole and being convicted and sentenced therefor shall serve the second sentence after the first sentence is served or annulled.*

"A parole granted a prisoner shall be construed simply as a permit to such prisoner to go without the enclosure of the prison, and not as a release, and while so at large he shall be deemed to be still serving out the sentence imposed upon him by the court, and shall be entitled to good time the same as if he were confined in prison."

The petitioner was on parole under the 1929 10-to-30-year sentence when he committed the crimes for which he was sentenced in 1941 and 1942, and under the above statute the parole board could order him to begin serving the latter two sentences on August 31, 1949, after his 1929 sentence was terminated and annulled by the order of the board. Canfield v. Commissioner of Pardons and Paroles, 280 Mich. 305, 273 N.W. 578; In re Casella, 313 Mich. 393, 21 N.W.2d 175. The provision in the 1941 and 1942 sentences providing for a definite term "from and includ-

ing this date," is immaterial in view of the above-quoted statute.

■ (2) The action of the Michigan parole board in ordering petitioner to commence serving his 1941 and 1942 sentences on August 31, 1949, did not constitute a violation of his constitutional rights.

■ (3) Furthermore, the petitioner has not exhausted the remedies available to him in the State courts, and there is no showing either of an absence of available State corrective process or of the existence of circumstances rendering such process ineffective to protect the petitioner's rights. 28 U.S.C.A., § 2254; Darr v. Burford, Warden, 339 U.S. 200, 70 S.Ct. 587.

■ Assuming the truth of all allegations, the petition fails to state facts justifying the granting of the writ of habeas corpus.

For the reasons herein stated the petition is denied, and an order will be entered accordingly.