James MINDER, Jr., Appellant,

v.

The ASSISTANT DIRECTOR, BUREAU OF PARDONS AND PAROLES, State of Michigan, Appellee.

No. 12502.

United States Court of Appeals Sixth Circuit.

Dec. 19, 1955.

No counsel for appellant.

Thomas M. Kavanagh, Atty. Gen., Edmund E. Shepherd, Sol. Gen., Lansing, Mich., for appellee.

Before MARTIN, McALLISTER and STEWART, Circuit Judges.

PER CURIAM.

This is an appeal by a prisoner, now confined in a Federal penal institution, from an order of the United States District Court for the Eastern District of Michigan dismissing his complaint that he has been deprived of his constitutional rights by the lodging with the Federal authorities at the penal institution of a State warrant charging that he has violated his parole. He seeks an injunction to restrain the Assistant Director, Bureau of Pardons and Paroles of the State of Michigan, from interfering with his reformation and rehabilitation pursuant to the program provided by Act of Congress, 18 U.S.C.A. § 4001; and prays for declaratory judgment that the aforementioned warrant for parole violation, or for detainer, is void.

The case has been submitted in this court, without oral argument on briefs of the respective parties. The brief of the appellee (defendant in the United States District Court) has been filed by the Attorney General of Michigan and his assistants and by the Solicitor General of that State.

As was held by the District Court, a released or paroled prisoner remains in the legal custody and control of the Attorney General prior to the expiration of the maximum sentence imposed upon him. 18 U.S.C.A. §§ 4164, 4203. Moreover, as stated by the District Judge, notwithstanding its rehabilitation program, Congress has provided: "This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody." 18 U.S.C.A. § 4164.

Federal Courts sitting in Michigan have upheld the statutory powers of the parole authorities to issue warrants for violation of parole. Brown v. Jacques, D.C.W.D.Mich., 90 F.Supp. 165; Ex parte McBride, D.C.W.D.Mich., 68 F. Supp. 139.

■ It should be noted also that appellant has not exhausted his remedies in the State Courts. Upon his surrender by the Federal authorities to the Michigan prison authorities, he may apply for writ of *habeas corpus,* if he is entitled to discharge. The corrective processes of Michigan are adequate to his lawful needs. Mulvey v. Jacques, 6 Cir., 199 F. 2d 300; Mahler v. Frisbie, 6 Cir., 193 F.2d 319; Whalen v. Frisbie, 6 Cir., 185 F.2d 607.

The judgment of the United States District Court is affirmed; and it is so ordered.