TRIPLETT v DEPUTY WARDEN, JACKSON PRISON

Docket No. 76808. Submitted October 12, 1984, at Lansing.—Decided May 8, 1985.

Plaintiff, Joseph L. Triplett, was imprisoned upon being found in violation of parole. He brought an action against Charles E. Anderson, Deputy Warden of the State Prison for Southern Michigan, seeking a writ of habeas corpus, which was denied by the Jackson Circuit Court, Russell E. Noble, J. Plaintiff appealed. *Held:*

1. Review of a decision revoking parole may permissibly be instituted by a complaint for habeas corpus or by an appeal pursuant to the Administrative Procedures Act. A complaint for habeas corpus is not subject to the time limitation within which an appeal pursuant to the APA must be brought, but may be filed at any time as long as the prisoner will be in custody at the time judgment becomes effective. Plaintiff's action for a writ was therefore timely.

2. An order denying habeas corpus is not appealable as of right. The matter may be renewed by filing an original complaint in the Court of Appeals. This matter is not, therefore, properly before the Court of Appeals.

3. Even if the matter were properly before the Court of Appeals, plaintiff failed to establish a basis for issuance of a writ.

4. The warrant charging the violation of parole was not required to be supported by oath or affirmation.

5. Plaintiff was not denied due process by the failure to hold

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Habeas Corpus §§ 74, 75, 168.

[1, 6] 59 Am Jur 2d, Pardon and Parole § 90 *et seq.*

[2] 39 Am Jur 2d, Habeas Corpus § 119 *et seq.*

When is person in custody of governmental authorities for purpose of exercise of state remedy of habeas corpus—modern cases. 26 ALR4th 455.

[3] 39 Am Jur 2d, Habeas Corpus § 168 *et seq.*

[4] 39 Am Jur 2d, Habeas Corpus § 1.

[5] 39 Am Jur 2d, Habeas Corpus §§ 11, 12, 18-21.

[7] 59 Am Jur 2d, Pardon and Parole §§ 92, 95.

Revocation: right to notice and hearing. 29 ALR2d 1074.

[8] 59 Am Jur 2d, Pardon and Parole § 83.

a preliminary hearing on the parole violation matter. At the time of plaintiff's arrest there was no statutory requirement for a preliminary hearing and, further, plaintiff's final hearing was not substantially delayed and plaintiff was not detained in a location distant from the site of the hearing.

6. Plaintiff was not denied equal protection of the law.

7. Separate notice of the charge of "having knowledge of a gun" which was found in plaintiff's possession was not required.

8. Conditions of parole are left to the discretion of the parole board and need not be promulgated as rules in accordance with the Administrative Procedures Act.

Affirmed.

1. PAROLE — REVOCATION OF PAROLE — JUDICIAL REVIEW — HABEAS CORPUS.

Judicial review of a revocation of parole may be pursued under the provisions of the Administrative Procedures Act or upon a complaint for habeas corpus.

2. HABEAS CORPUS — TIMELINESS OF COMPLAINT — JUDICIAL REVIEW.

There is no limitation on the time within which a complaint for habeas corpus must be filed as long as the prisoner will be in custody when the judgment becomes effective; the time limitations for judicial review set forth in the Administrative Procedures Act do not take precedence over or supplement the unlimited right to file a complaint for habeas corpus.

3. HABEAS CORPUS — APPEAL.

An order of a lower court denying a complaint for habeas corpus is not appealable as of right; rather, the complaint may be renewed by filing an original action in the Court of Appeals.

4. HABEAS CORPUS — LEGALITY OF DETENTION.

The function of a writ of habeas corpus is to test the legality of the detention of any person restrained of his liberty.

5. HABEAS CORPUS — VOID JUDGMENTS.

A writ of habeas corpus deals only with radical defects rendering a judgment or proceeding absolutely void; a judgment which is merely erroneous, rather than void, is subject to appellate review and may not be collaterally attacked in a habeas corpus proceeding.

6. PAROLE — REVOCATION OF PAROLE — WARRANTS.

The constitutional requirement that a warrant be supported by

oath or affirmation is not applicable to warrants for the revocation of parole (Const 1963, art 1, § 11).

7. PAROLE — DUE PROCESS — PRELIMINARY HEARING.

A parolee was not denied due process of law by the failure to hold a preliminary hearing on a charge of violation of parole where there was no statutory requirement for a preliminary hearing and the final parole-revocation hearing was not substantially delayed after his arrest and he was not detained in a location distant from the site of the parole-revocation hearing.

8. PAROLE — CONDITIONS OF PAROLE.

The setting of conditions of parole is left to the discretion of the parole board (MCL 791.236; MSA 28.2306).

Joseph L. Triplett, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Edgar L. Church, Jr.,* Assistant Attorney General, for defendant.

Before: DANHOF, C.J., and GRIBBS and R. M. SHUSTER,* JJ.

PER CURIAM. Plaintiff, Joseph Lee Triplett, is currently a prisoner at the State Prison for Southern Michigan in Jackson County. Plaintiff's complaint for a writ of habeas corpus was denied by the Jackson County Circuit Court in an order dated February 17, 1984. The validity of the order denying the writ of habeas corpus is now before this Court on plaintiff's claim of appeal.

The background facts of this case are set forth in *People v Triplett,* 68 Mich App 531; 243 NW2d 665 (1976); *People v Triplett (After Rem),* 91 Mich App 82; 283 NW2d 658 (1979), and *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980). Pursuant to the Supreme Court decision, defendant was resentenced to from 20 to 40 years' imprisonment on his second-degree murder conviction. Plaintiff

---

* Circuit judge, sitting on the Court of Appeals by assignment.

appealed from his sentence, and this Court reversed and set aside the sentence in an unpublished opinion *(People v Triplett,* Docket No. 53561, decided March 23, 1982).

On June 6, 1982, plaintiff was resentenced by another Recorder's Court judge to from 20 to 40 years' imprisonment, with credit given for 10 years, 297 days already served. It was revealed at the sentencing proceedings that plaintiff had been placed on parole on December 11, 1981. One of the conditions of his parole was:

"6. WEAPONS: The parolee may not own or possess a deadly weapon of any type or any imitation thereof, or knowingly be in the company of any person who possesses same."

Plaintiff was arrested on August 30, 1982, when he failed to produce a driver's license after state police stopped his car for missing taillights. A search of the bag which was on the seat beside him revealed a .38-caliber pistol loaded with eight bullets. Plaintiff was subsequently charged with carrying a weapon in a motor vehicle. Although he was released on the criminal charges because search of the bag was improper, plaintiff was placed into custody for violating parole when he reported to his parole officer on September 1, 1982.

Plaintiff admitted to the probation agent who prepared the parole violation report that he had been arrested on August 30, 1982, for carrying a weapon in a motor vehicle, but he denied that he had any knowledge that the gun was in the bag. He was, however, unable to explain to whom the gun belonged or how it got into the bag.

On September 3, 1982, an official parole violation charge was filed with the Department of Corrections. The charge informed the plaintiff that

he was accused of violating "Rule 6" of his parole by having had a pistol in his possession. On the same day, a parole violation warrant was issued for plaintiff's arrest and detention. A hearing on the parole violation charges was held on September 8, 1982. The parole board's written decision to revoke plaintiff's parole was issued on September 22, 1982.

On February 2, 1984, approximately one year and four months after the revocation of his parole, plaintiff, acting *in propria persona,* filed a complaint for a writ of habeas corpus with the Jackson County Circuit Court. The complaint was denied two weeks later, the court reasoning that plaintiff was convicted upon criminal legal process and was not entitled to the relief for which he prayed.

On February 29, 1984, plaintiff filed a claim of appeal from the order denying his complaint. Plaintiff's statement of facts, certified by the circuit court, indicates that no hearing was held on plaintiff's complaint for habeas corpus in the circuit court, and no response or pleading was filed in the circuit court by defendant.

I

On appeal to this Court, a brief was filed on defendant's behalf by the Attorney General. Defendant argues that review of a parole revocation is available under chapter 6 of the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* but that according to that act plaintiff should have appealed the parole board's decision to the circuit court within 60 days of his parole revocation. Because the 60-day appeal period is jurisdictional, defendant argues that plaintiff's failure to file a timely appeal in the circuit court precludes review of the issues now presented on appeal.

Defendant correctly notes that in *Penn v Dep't of Corrections,* 100 Mich App 532; 298 NW2d 756 (1980), *lv den* 411 Mich 858 (1981), this Court ruled that judicial review, as provided for under § 101 of the APA, MCL 24.301; MSA 3.560(201), was applicable to a revocation of parole by the Department of Corrections. The APA is not, however, the only avenue of judicial review available to the parolee.

The Supreme Court has recognized that the review of a parole revocation decision is permissible upon a complaint for habeas corpus. *In re Casella,* 313 Mich 393; 21 NW2d 175 (1946). Moreover, there is no limitation on the time in which a complaint for habeas corpus must be filed, as long as the prisoner will be in custody at the time judgment becomes effective. *In re Rankin,* 330 Mich 91; 47 NW2d 28 (1951). The limitations on judicial review set forth in the APA do not take precedence over or supplant the virtually unlimited right to file a complaint for a writ of habeas corpus. Pursuant to Article 1, § 12, of the Michigan Constitution, a writ of habeas corpus is of paramount authority and its power is supreme. *People v McCager,* 367 Mich 116; 116 NW2d 205 (1962). If the APA were interpreted so as to interfere with a prisoner's right to bring an action for a writ of habeas corpus, it would be unconstitutional. Therefore, plaintiff's failure to seek relief in the circuit court within 60 days of the revocation of his parole did not deprive the circuit court of jurisdiction to review the merits of plaintiff's arguments upon a writ of habeas corpus.

Nevertheless, the circuit court's denial of plaintiff's complaint for habeas corpus is not properly before this Court on appeal. It has long been established that a writ of error does not lie to review habeas corpus proceedings. *In re Brock,* 144 Mich 42; 107 NW 446 (1906). Orders of denial in

habeas corpus proceedings are not appealable as of right. They may be renewed by filing an original complaint in the Court of Appeals. *Parshay v Warden of Marquette Prison,* 30 Mich App 556, 558; 186 NW2d 859 (1971). Actions for habeas corpus may be brought in the Court of Appeals, in the circuit court, in the district court, in the municipal courts of record, common pleas court, or Recorder's Court of the city where the prisoner is detained, or before any of the judges of those courts. GCR 1963, 712.1(1).

In the instant case, plaintiff filed a "claim of appeal" from the circuit court's denial of his complaint for habeas corpus. Since there is no appeal as of right from the circuit court's action, this Court cannot properly review the validity of the circuit court's denial of plaintiff's complaint.

However, even if plaintiff's complaint were properly before this Court, plaintiff has failed to establish a basis for issuing a writ of habeas corpus.

II

The function of a writ of habeas corpus is to test the legality of the detention of any person restrained of his liberty. *In re Huber,* 334 Mich 100; 53 NW2d 609 (1952); *Trayer v Kent County Sheriff,* 104 Mich App 32; 304 NW2d 11 (1981). As a general rule, every person committed, detained, confined or restrained of his liberty for any criminal or supposed criminal matter may seek a writ of habeas corpus to inquire into the cause of the restraint. MCL 600.4307; MSA 27A.4307. However, the writ of habeas corpus deals only with radical defects rendering a judgment or proceeding absolutely void. *In re Stone,* 295 Mich 207; 294 NW 156 (1940). A judgment which is merely erroneous, rather than void, is subject to review and may not

be collaterally attacked in a habeas corpus proceeding. *In re Roberts,* 310 Mich 372; 17 NW2d 218 (1945); *Hamilton's Case,* 51 Mich 174; 16 NW 327 (1883); *National Discount Corp v O'Mell,* 194 F2d 452 (CA 6, 1952).

Here, plaintiff claims that several procedural errors in the proceedings surrounding the revocation of parole rendered his incarceration unconstitutional.

Plaintiff first asserts that the parole-violation warrant violated the Fourth Amendment to the United States Constitution and Article 1, § 11 of the Michigan Constitution, in that the warrant was not supported by a showing of probable cause or by oath or affirmation. Federal cases have found this warrant requirement inapplicable to warrants for the revocation of parole. *United States v Thomas,* 729 F2d 120 (CA 2, 1984); *United States v Basso,* 632 F2d 1007 (CA 2, 1980); *United States v Polito,* 583 F2d 48 (CA 2, 1978); *Story v Reves,* 68 App DC 325; 97 F2d 182 (1938); *Jarman v United States,* 92 F2d 309 (CA 4, 1937).

Although Michigan courts have not specifically ruled as to whether the Michigan Constitution provides parolees with a higher standard of protection than the Fourth Amendment to the United States Constitution, the similar treatment given parolees by the Michigan courts strongly suggests that Michigan law parallels federal law on the issue of whether a revocation of parole constitutes a "seizure" of the parolee so as to invoke the oath or affirmation requirement of Const 1963, art 1, § 11. Michigan courts and the Legislature, like the federal courts, have recognized that a prisoner on parole remains "in custody" despite the fact that the parolee is no longer confined within prison walls. MCL 791.238; MSA 28.2308; *In re Casella, supra; People v Bendoni,* 263 Mich 295; 248 NW

627 (1933). Since the federal analysis is equally applicable to cases brought under the Michigan Constitution, no illegality can be said to have arisen from the fact that plaintiff was reincarcerated pursuant to a parole-violation warrant that was not supported by oath or affirmation.

We note that plaintiff makes no allegation that there was less than probable cause for believing that he violated his parole. The warrant was issued based on an unsworn parole-violation report prepared by his probation agent. The report set forth with particularity the circumstances surrounding detection of the alleged violation and was grounded on statements made by two police officers. Plaintiff was taken into physical custody for violation of his parole, not by law enforcement officers but by parole employees when plaintiff appeared at his parole agent's office. In light of these facts, the use of a warrant which was not supported by oath or affirmation did not render plaintiff's incarceration unconstitutional.

Plaintiff next argues that he was denied due process and equal protection because he was not afforded a preliminary hearing. The Supreme Court in *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), ruled that the full panoply of rights due a defendant in a criminal proceeding does not apply to parole revocation, but that some orderly process, however informal, was required. The Court recommended a minimal inquiry in the nature of a preliminary hearing to determine whether there was probable cause to believe that the parolee had violated a parole condition. In applying *Morrissey v Brewer* and a similar pronouncement in *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973), to Michigan law, this Court in *People v Jackson,* 63 Mich App 241; 234 NW2d 467 (1975), found that

no preliminary hearing prior to a probation revocation was constitutionally required, since Michigan law provided for preliminary determination of probable cause and a probation revocation hearing which far exceeded the minimum due process requirements set forth in *Morrissey* and *Gagnon.*

Although the statute was subsequently changed, on the date of plaintiff's arrest for violating the conditions of his parole there was no statutory right to a preliminary hearing. However, Rule 791.7740 of the Michigan Administrative Code provided for a preliminary hearing to be conducted as promptly as possible, assuring that the minimal due process standards stated in *Morrissey* would be met. Plaintiff admits in his brief that his final hearing, held just eight days after his arrest, did not constitute a substantial delay, and that he was not detained in a location distant from the site of the parole-revocation hearing. Accordingly, even though there was no preliminary hearing, plaintiff was not denied due process, as envisioned by the Supreme Court in *Morrissey,* and therefore is not entitled to a writ of habeas corpus on this ground.

Plaintiff's claim that his right to equal protection was violated is similarly without merit. Plaintiff has failed to establish that the "discrimination" between parolees afforded prompt hearings at locations close to the revocation hearing and other parolees is arbitrary, capricious or not related to governmental objectives. *Crider v Michigan,* 110 Mich App 702, 726; 313 NW2d 367 (1981), *lv den* 414 Mich 953 (1982).

Plaintiff next argues that his due process rights were violated because he was not given notice of the charge on which his parole was ultimately revoked. Plaintiff claims he was only given notice of the charge of "possessing" a firearm, and not of the charge of "having knowledge of a gun". Since

plaintiff, who was represented by counsel at the revocation proceedings, did not contest the fact that a gun was present in the bag or that the bag was in his possession, the critical element of possession to be established at the hearing was plaintiff's knowlege that the gun was there. Separate notice regarding plaintiff's knowledge was not required.

Plaintiff's final argument is that he is entitled to a writ of habeas corpus because condition 6 of his parole, which prohibited the possession of a firearm, was not promulgated in accordance with the procedures set forth in the APA. This Court recently ruled that an inmate may not be disciplined for an offense which has not been promulgated as a rule pursuant to the APA. *Martin v Dep't of Corrections,* 140 Mich App 323; 364 NW2d 322 (1985). However, we have found no authority, and plaintiff offers none, requiring the promulgation of rules regarding conditions of parole. Rather, MCL 791.236; MSA 28.2306 indicates that the setting of conditions of parole is to be left to the discretion of the parole board. Subsequent to plaintiff's parole revocation MCL 791.206; MSA 28.2276 was amended, directing the Department of Corrections to promulgate rules concerning parole and its revocation, but even this statute does not require rules concerning conditions of parole.

Plaintiff has thus failed to establish a basis for issuing a writ of habeas corpus, and even if this matter were properly before this Court, we would not disturb his parole revocation and subsequent reincarceration.

Affirmed.