# STATE OF MICHIGAN

# COURT OF APPEALS

GREGORY LYNN JEFFERSON,

    Plaintiff-Appellant,

v

MICHIGAN REFORMATORY WARDEN,

    Defendant-Appellee.

UNPUBLISHED
October 18, 2018

No. 341955
Ionia Circuit Court
LC No. 2017-032819-AH

Before: BOONSTRA, P.J., and O'CONNELL and TUKEL, JJ.

PER CURIAM.

This case arises from plaintiff's 1986 jury trial convictions for second-degree murder, MCL 750.317, and assault with intent to commit murder, MCL 750.83, for which plaintiff is serving a life sentence at the Michigan Reformatory. In this habeas corpus action, plaintiff appeals as of right the trial court's order denying his complaint for a writ of habeas corpus.[1] We affirm.

In October 2017, plaintiff filed with the trial court a petition for a writ of habeas corpus, arguing that he was unlawfully detained and that the Eaton Circuit Court ("circuit court") lacked jurisdiction because a criminal complaint and amended complaint had not been filed before his preliminary examination had been held. The trial court denied plaintiff's petition, explaining that there was a scrivener's error with the original complaint listing a charge other than what was authorized and that plaintiff was originally arraigned on the correct charge listed in the amended complaint. The trial court noted that plaintiff received a copy of the amended complaint before

---

[1] Although this Court in *Triplett v Deputy Warden*, 142 Mich App 774, 779-780; 371 NW2d 862 (1985), stated that "[o]rders of denial in habeas corpus proceedings are not appealable as of right," *Triplett* was based on the common law that existed before the implementation of the Michigan Court Rules of 1985 (effective March 1, 1985). MCR 1.101; MCR 1.102. And MCR 7.203(A) allows for an appeal of right from a "final order," which is defined in MCR 7.202(6)(a)(i) as an "order that disposes of all the claims and adjudicates the rights and liabilities of all the parties." Thus, because the only claim presented to the trial court was plaintiff's request for a writ of habeas corpus and the trial court's order disposes of that claim, the order constitutes a final order and therefore is appealable as of right.

-1-

his preliminary examination and that plaintiff could not appeal his convictions by way of a complaint of habeas corpus. Accordingly, the trial court denied plaintiff habeas corpus relief.

Plaintiff moved for reconsideration of the trial court's order. Plaintiff argued that the circuit court's failure to conduct his preliminary examination within 12 days of his arraignment established a "radical" jurisdictional defect. Again, the trial court found that plaintiff's claim lacked merit and denied plaintiff's motion. This appeal followed.

Plaintiff claims that the trial court erred in dismissing his petition for habeas corpus because the circuit court lacked jurisdiction over him due to the purported failure to file a criminal complaint, warrant, petition and order amending the complaint and warrant, and the affidavit in support of the complaint prior to his preliminary examination. We disagree. We review constitutional issues de novo. *People v Pipes*, 475 Mich 267, 274; 715 NW2d 290 (2006).

"A prisoner's right to file a complaint for habeas corpus relief is guaranteed by Const 1963, art 1, § 12." *Moses v Dep't of Corrections*, 274 Mich App 481, 484; 736 NW2d 269 (2007). A prisoner has both a constitutional and state statutory right to petition for habeas corpus relief. See *Moses*, 274 Mich App at 484, citing Const 1963, art 1, § 12 and MCL 600.4304. "The object of the writ of habeas corpus is to determine the legality of the restraint under which a person is held." *Id*. at 485 (quotation marks and citation omitted). A convicted prisoner only qualifies for habeas corpus relief when the convicting court had no jurisdiction to try the defendant for the crime at issue, and a jurisdictional defect is so radical as to render the conviction absolutely void. *Id*. at 486. "A radical defect in jurisdiction contemplates . . . an act or omission by state authorities that clearly contravenes an express legal requirement in existence at the time of the act of omission." *Id*. (quotation marks and citation omitted). A plaintiff may not appeal his criminal conviction by way of a complaint of habeas corpus. *Id*.

In support of his argument, plaintiff cites MCL 750.217c(7)(b), which defines "legal process" as a

> summons, complaint, pleading, writ, warrant, injunction, notice, subpoena, lien, order, or other document issued or entered by or on behalf of a court or lawful tribunal or lawfully filed with or recorded by a governmental agency that is used as a means of exercising or acquiring jurisdiction over a person or property, to assert or give notice of a legal claim against a person or property, or to direct persons to take or refrain from an action.

Plaintiff alleges that, in order for a trial court to acquire jurisdiction over a case, the trial court must adhere to the procedures mandated by MCL 750.217c. However, plaintiff's argument falls short. First, MCL 750.217c was enacted in 1998 and, as such, was not in effect at the time of plaintiff's 1986 criminal proceedings. We could find no legal authority as of 1986 providing that a complaint, warrant, affidavit in support of the complaint, or petition and order amending the complaint and warrant must be filed before the preliminary examination is held, and plaintiff does not present any. Second, defendant's reliance on the circuit court's register of actions to purportedly show that the charging documents were filed on May 27, 1986 (or seven days after

the preliminary examination was held) is misplaced. The register of actions was for the circuit court, and, as the trial court here noted, any actions that occurred at the district court would not have appeared in that register. Moreover, the transcript of the May 20, 1986 preliminary examination shows that plaintiff was aware of the charges brought against him at the time of his arraignment, over a month before his preliminary examination, and the petition and order amending the complaint and warrant had been filed by the time of the arraignment as well. Further, defense counsel admitted at the preliminary examination to having received a copy of the petition and order amending the complaint. Thus, to the extent that any error may have existed, it certainly did not rise to the level of a "radical" jurisdictional defect depriving the circuit court of jurisdiction over plaintiff. For these reasons, plaintiff's claim fails.

Next, plaintiff argues that he is entitled to habeas corpus relief because the circuit court did not have good cause for failing to schedule his preliminary examination within 12 days of his arraignment—in violation of MCL 766.4[2] and MCL 766.7[3]—and, as such, the circuit court lacked jurisdiction. We disagree.

In *People v Weston*, 413 Mich 371, 376; 319 NW2d 537 (1982), the Michigan Supreme Court found that, under MCL 766.4 and MCL 766.7, the failure of a magistrate to hold a preliminary examination within 12 days of the defendant's arraignment entitled the defendant to discharge from custody. In *People v Crawford*, 429 Mich 151; 414 NW2d 360 (1987), the Court narrowed the extent of this remedy. The *Crawford* Court held that a defendant must invoke the "*Weston* remedy" of dismissal and discharge from custody by raising the 12-day-issue in advance of the preliminary examination being held. *Crawford*, 429 Mich at 157. And a

---

[2] Plaintiff properly cites MCL 766.4 and MCL 766.7 as they existed in 1986. At that time, MCL 766.4 provided:

> The magistrate before whom any person is brought on a charge of having committed a felony shall set a day for a preliminary examination not exceeding 12 days thereafter, at which time a magistrate shall examine the complainant and the witnesses in support of the prosecution, on oath in the presence of the accused, in regard to the offense charged and in regard to any other matters connected with the charge which the magistrate considers pertinent.

[3] In 1986, MCL 766.7 provided, in pertinent part:

> An adjournment, continuance, or delay of a preliminary examination shall not be granted by a magistrate except for good cause shown. A magistrate shall not adjourn, continue, or delay the examination of any cause by the consent of the prosecution and accused unless in his discretion it shall clearly appear by a sufficient showing to the magistrate to be entered upon the record that the reasons for such consent are founded upon strict necessity and that the examination of the cause cannot then be had, or a manifest injustice will be done. An action on the part of the magistrate in adjourning or continuing any case, shall not cause the magistrate to lose jurisdiction of the case.

defendant who fails to raise such an issue before the commencement of the preliminary examination has waived his right to any such remedy. See *id*. at 161.

In this case, plaintiff raised the issue of 12-day-rule for the first time in his motion for reconsideration of the trial court's denial of his complaint for habeas corpus. Because plaintiff did not raise the issue prior to his preliminary examination, he was precluded from raising the issue in his complaint for habeas corpus. See *id*. at 156-157. Moreover, both the 1974 version and the current version of MCL 766.7 provide that a magistrate's action in adjourning or continuing any case does not cause the magistrate to lose jurisdiction of the case. See also *People v Dunson*, 139 Mich App 511, 513; 363 NW2d 16 (1984) ("The defect of not bringing defendant to a timely preliminary examination is not, however, jurisdictional."). Thus, to the extent any error existed due to the timing of defendants' preliminary examination, it was not jurisdictional, which takes it outside the scope of a petition for habeas corpus. See *Moses*, 274 Mich App 486.

Affirmed.

/s/ Mark T. Boonstra
/s/ Peter D. O'Connell
/s/ Jonathan Tukel