PEOPLE v GLENN-POWERS

Docket No. 301914. Submitted January 10, 2012, at Lansing. Decided
        May 8, 2012, at 9:10 a.m.

        While Lawrence Z. Glenn-Powers was on probation, his probation
        officer requested an arrest warrant for probation violations re-
        garding his failure to notify the probation officer of a change of
        address, his commission of a crime (an assault), and his failure to
        comply with the requirement of probation that he participate in an
        adult education or general equivalency diploma program. The
        motion and affidavit section of the form entitled "Motion, Affida-
        vit, and Bench Warrant" was signed by the probation officer, but
        was not subscribed and sworn under oath. The bench warrant
        portion was signed by a circuit court judge. When defendant next
        reported to the probation officer, the probation officer summoned
        a deputy sheriff to place defendant under arrest. The deputy
        sheriff placed defendant under arrest on the basis of the warrant
        and conducted a search of defendant that yielded 35 packets of
        heroin. Defendant was charged in the Washtenaw Circuit Court
        with possession of heroin. Defendant moved to suppress the
        evidence on the basis that the arrest warrant was defective
        because the affidavit supporting it was not made under oath or
        affirmation as required by the Fourth Amendment. The court,
        Melinda Morris, J., agreed with defendant, granted his motion, and
        dismissed the case without prejudice. The prosecution appealed.

        The Court of Appeals held:

        The trial court erred by granting defendant's motion to sup-
        press the evidence.

        1. MCL 764.15(1)(g) authorizes the arrest of a probationer
        without a warrant when the arresting officer has reasonable cause
        to believe that the probationer has committed a probation viola-
        tion. There was probable cause to believe that defendant had
        committed a probation violation.

        2. Because the probation officer had probable cause to believe
        that defendant had committed a probation violation, the warrant
        was not the only basis for his arrest and it is irrelevant that the
        arresting officer had a subjective belief that the warrant was

necessary. The objective truth is that the arresting officer had a legitimate basis to arrest defendant without a warrant. The arrest was valid.

3. Because defendant was alleged to have violated his probation by committing an assault, a misdemeanor punishable by up to 93 days' imprisonment, MCL 764.15(1)(d) provides that he could be arrested without a warrant.

4. The requirement of the Fourth Amendment that an arrest warrant be supported by an oath or affirmation does not apply to a warrant for the arrest of a probationer.

5. Even if MCR 6.445(A) creates a requirement that probation-violation proceedings must be commenced by either a summons or an arrest warrant and that the warrant must be sworn to, any violation of that requirement did not amount to a Fourth Amendment violation that rendered the arrest, and the subsequent search, constitutionally infirm.

Reversed and remanded.

1. Arrest — Probation — Arrest of Probationer Without Warrant.

A probationer may be arrested without a warrant when a peace officer has reasonable cause to believe that the probationer has violated a condition of probation (MCL 764.15[1][g]).

2. Arrest — Arresting Officer's State of Mind — Probable Cause.

An arresting officer's state of mind, except for the facts that he or she knows, is irrelevant to the existence of probable cause; the officer's subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause; the fact that the officer does not have the state of mind that is hypothecated by the reasons that provide the legal justification for the officer's action does not invalidate the action as long as the circumstances, viewed objectively, justify the action; the Fourth Amendment creates an objective standard to determine whether an arrest was lawful, without regard to the arresting officer's subjective belief.

3. Sentences — Probation — Searches and Seizures of Probationers.

Probation is a matter of legislative grace; a probationer has no vested right in the continuation of probation and the probation order remains revocable and amendable at all times; a sentence of supervised release involves the surrender of certain constitutional rights; a probationer has a diminished expectation of privacy and may be subjected to searches that might be unreasonable if conducted on members of the general public; the Fourth Amend-

ment does not require a warrant to search a probationer's home or to arrest the probationer, therefore, the Fourth Amendment's oath and affirmation requirement generally applicable to warrants does not apply to a warrant for the arrest of a probationer.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Brian L. Mackie*, Prosecuting Attorney, and *David A. King*, Senior Assistant Prosecuting Attorney, for the people.

*Lloyd E. Powell*, Washtenaw County Public Defender, and *Stephen M. Adams*, Assistant Washtenaw County Public Defender, for defendant.

Before: SAWYER, P.J., and WHITBECK and M. J. KELLY, JJ.

SAWYER, P.J. This case presents the question whether a probationer was lawfully arrested pursuant to a probation-violation warrant when the probation-violation warrant was not sworn under oath. We conclude that, because a warrant is not required under the Fourth Amendment to make an arrest for a probation violation, it is irrelevant whether the warrant was properly issued in determining whether there was a Fourth Amendment violation. Accordingly, we reverse and remand.

Defendant was on probation in an unrelated case in the Washtenaw Circuit Court. His probation officer, Thomas Mihalic, requested an arrest warrant for probation violations. Mihalic utilized a standard State Court Administrator's Office (SCAO) form entitled "Motion, Affidavit, and Bench Warrant." That form alleged three reasons to arrest defendant and revoke his probation: failure to notify the probation officer of a change of address, commission of a crime (assault), and failure to comply with the requirement that he partici-

pate in an adult education or general equivalency diploma (GED) program. The motion and affidavit section was signed by Mihalic, but it was not subscribed and sworn under oath. The bench warrant portion was signed by the circuit judge in this case.

A few days later, defendant reported to Mihalic at the Washtenaw County Courthouse. Washtenaw County Deputy Sheriff David Anderson was summoned to place defendant under arrest. Deputy Anderson testified that the arrest was based on the warrant that had been presented to him by Mihalic. A search subsequent to the arrest conducted by Deputy Anderson yielded 35 packets of heroin. Defendant was charged with possession of heroin.[1]

Defendant moved to suppress the evidence on the basis that the search followed an unlawful arrest. The trial court thereafter granted defendant's motion on the basis that the arrest warrant was defective because it was not supported by an affidavit made under oath or affirmation as required by the Fourth Amendment of the United States Constitution. The trial court also rejected the argument that the good-faith exception applied. The trial court dismissed the case without prejudice. The prosecution now appeals, and we reverse.

There are, in fact, a number of reasons why the arrest and subsequent search in this case was, in fact, lawful. For the reasons discussed below, we conclude that the trial court erred by granting defendant's motion to suppress.

We begin by noting that the trial court did not conclude, nor does defendant argue, that there is any defect in the search aside from the arrest issue. That

---

[1] MCL 333.7403(2)(a)(v).

is, the only claim that the search was improper is based on the argument that the arrest itself was improper because of the fact that the warrant was not supported by an oath or affirmation. If we determine that the arrest was proper, then it will automatically follow that the search was proper. Similarly, there was no determination by the trial court, nor does defendant argue, that there was, in fact, a lack of probable cause to support the issuance of an arrest warrant. Rather, the trial court's holding was based on a conclusion that the requirement of the Fourth Amendment that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation" was not complied with regarding the oath or affirmation and, therefore, the arrest warrant was defective and the arrest under the warrant was unlawful. Indeed, the trial court even noted in its opinion on the motion to suppress that in the separate probation-revocation proceedings, defendant had pleaded responsible to the probation violations. Accordingly, we will proceed with our analysis under the assumption that there was, in fact, probable cause to believe that defendant committed the alleged probation violations listed in the warrant.

The first reason why this was a valid arrest is that an arrest warrant was not, in fact, required in this case. MCL 764.15(1)(g) authorizes an arrest without a warrant whenever a "peace officer has reasonable cause to believe the person . . . has violated 1 or more conditions of a . . . probation order imposed by a court of this state . . . ." As noted above, there is no argument in this case that there was, in fact, probable cause to believe that defendant had committed a probation violation or that the arresting officer had probable cause to so believe.

Although defendant acknowledges in his brief that probation-violation proceedings can be commenced without the issuance of an arrest warrant, he attempts to argue that that is irrelevant because a warrant was nevertheless obtained and was invalid. Defendant supports this argument with the observation that the arresting officer stated that the warrant was the only basis for the arrest. But, as discussed already, the warrant was not the only basis for the arrest. And the fact that the arresting officer may have erroneously believed that it was is irrelevant.

In *Devenpeck v Alford*,[2] the United States Supreme Court addressed the issue whether an arresting officer must correctly identify the basis for an arrest in order for the arrest to be valid. In *Devenpeck*, the officer arrested the plaintiff for a violation of the Washington Privacy Act.[3] The charge was subsequently dismissed, and the plaintiff filed suit, arguing that he had been arrested without probable cause.[4] The United States Court of Appeals for the Ninth Circuit had ruled that the probable cause for the arrest must be related to the charge that the officer arrested the person for, or for a closely related offense.[5] The Supreme Court disagreed, concluding that what matters is whether objectively there exists probable cause to believe that a crime has occurred, not whether the officer subjectively identified the correct crime:

> Our cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause. See *Whren* v. *United States*, 517 U.S. 806, 812-813, 135 L. Ed. 2d 89, 116 S. Ct. 1769

---

[2] *Devenpeck v Alford*, 543 US 146; 125 S Ct 588; 160 L Ed 2d 537 (2004).

[3] Wash Rev Code 9.73.030.

[4] *Devenpeck*, 543 US at 151.

[5] *Id*. at 152.

(1996) (reviewing cases); *Arkansas* v. *Sullivan*, 532 U.S. 769, 149 L. Ed. 2d 994, 121 S. Ct. 1876 (2001) *(per curiam)*. That is to say, his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause. As we have repeatedly explained, " 'the fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.' " *Whren,* *supra,* at 813, 135 L. Ed. 2d 89, 116 S. Ct. 1769 (quoting *Scott* v. *United States*, 436 U.S. 128, 138, 56 L. Ed. 2d 168, 98 S. Ct. 1717 (1978)). "[T]he Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, *whatever* the subjective intent." *Whren, supra,* at 814, 135 L. Ed. 2d 89, 116 S. Ct. 1769. "[E]venhanded law enforcement is best achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer." *Horton* v. *California,* 496 U.S. 128, 138, 110 L. Ed. 2d 112, 110 S. Ct. 2301 (1990).[6]

While *Devenpeck* involved the question whether the arresting officer correctly identified the crime for which to book the suspect, and this case involves whether the arresting officer correctly identified the legal basis for the arrest, we do not believe that that supplies a meaningful difference. The Supreme Court clearly established that the Fourth Amendment creates an objective standard to determine whether an arrest was lawful, without regard to the arresting officer's subjective belief. And the objective truth in this case is that the arresting officer had a legitimate basis to arrest defendant without a warrant. Therefore, the arrest was valid without regard to the officer's subjective belief that he needed a warrant. In sum, the officer's erroneous belief that a warrant was necessary, as well as any

---

[6] *Id*. at 153.

erroneous belief that the warrant was valid, is immaterial to the question whether the arrest was valid under the Fourth Amendment.

The next reason that this arrest was valid is similar to the first. One of the reasons for the probation violation was that defendant had committed an assault. An ordinary assault and battery[7] is a misdemeanor punishable by up to 93 days' imprisonment. And, as such, it too justifies an arrest without a warrant.[8]

Finally, the prosecution also argues that the principle discussed in *Triplett v Deputy Warden, Jackson Prison*,[9] that the probable cause and oath or affirmation requirements of the Fourth Amendment do not apply to parole-revocation warrants, should also apply to probation-violation warrants. Defendant counters that *Triplett* is inapplicable here because, unlike a probationer, a parolee is considered to still be in custody, not just in prison.[10] While the status of a probationer and a parolee are arguably different, that does not mean that the probationer necessarily enjoys the same Fourth Amendment protections as a member of the general public unencumbered by an order of probation.

In *Triplett*,[11] this Court addressed a prisoner's habeas corpus challenge. The prisoner argued, in relevant part, that his incarceration was unconstitutional because the warrant for his arrest for a parole violation was "not supported by a showing of probable cause or by oath or affirmation."[12] This Court, agreeing with federal au-

---

[7] MCL 750.81.

[8] MCL 764.15(1)(d).

[9] *Triplett v Deputy Warden, Jackson Prison*, 142 Mich App 774, 781-783; 371 NW2d 862 (1985).

[10] See *id.* at 781.

[11] *Id.*

[12] *Id.*

thorities, determined that the oath or affirmation requirements of the United States Constitution and the Michigan Constitution did not apply to a warrant for the arrest of a parolee for a parole violation.[13] We find this analysis persuasive.

Probation is a matter of legislative grace. *People v Johnson*.[14] Because it is a matter of grace, a defendant has no vested right in its continuance and the probation order remains at all times revocable and amendable.[15] Similarly, a sentence of supervised release necessarily involves the surrender of certain constitutional rights. See *People v Harper*.[16] In addition, a probationer has a diminished expectation of privacy and, accordingly, may be subjected to searches that might be unreasonable if conducted on members of the general public. See *United States v Knights*.[17] In *Knights*, the Supreme Court of the United States explained that—at least with regard to searches—the "balance of governmental and private" interests warranted "a lesser than probable-cause standard" of protection under the Fourth Amendment; specifically, the Court held that a probationer has "significantly diminished privacy interests" so that an officer need only have a "reasonable suspicion" that the

---

[13] *Id.* at 781–782 (agreeing that a revocation of parole does not constitute a seizure that invokes the oath or affirmation requirement and concluding on that basis that the prisoner's "reincarcerat[ion] pursuant to a parole-violation warrant that was not supported by oath or affirmation" was not illegal).

[14] *People v Johnson*, 210 Mich App 630, 634; 534 NW2d 255 (1995).

[15] *Id.*

[16] *People v Harper*, 479 Mich 599, 627; 739 NW2d 523 (2007) (noting that a probationer does not have the right to a jury trial at a revocation hearing and does not have the right to have the violation proved beyond a reasonable doubt).

[17] *United States v Knights*, 534 US 112; 122 S Ct 587; 151 L Ed 2d 497 (2001).

probationer is engaged in criminal activity before the officer could lawfully search the probationer.[18]

Moreover, the United States Supreme Court observed in *Griffin v Wisconsin*[19] that "[t]o a greater or lesser degree, it is always true of probationers (as we have said it to be true of parolees) that they do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.' *Morrissey* v. *Brewer*, 408 U.S. 471, 480 [92 S Ct 2593; 33 L Ed 2d 484] (1972)." In *Griffin*, the Court upheld a search of a probationer's home without a warrant under the state's probation regulations, as being reasonable under the Fourth Amendment.[20] In so concluding, the Court rejected the need for a warrant, concluding that, in the context of probation supervision, a "warrant requirement would interfere to an appreciable degree with the probation system . . . ."[21]

If the Fourth Amendment does not require a warrant to search a probationer's home, then it is not unreasonable to conclude that it does not require a warrant to arrest a probationer. Therefore, given a probationer's reduced privacy interests, we agree with the prosecution that the principle discussed in *Triplett* can be extended from parolees to probationers. As such, the oath or affirmation requirement generally applicable to warrants does not apply to a warrant for the arrest of a probationer.

Finally, even if we were to agree with defendant's argument that under MCR 6.445(A) a probation viola-

---

[18] *Id.* at 121.

[19] *Griffin v Wisconsin*, 483 US 868, 874; 107 S Ct 3164; 97 L Ed 2d 709 (1987).

[20] *Id.* at 880.

[21] *Id.* at 876.

tion proceeding must be commenced with either a summons or an arrest warrant and, if it is commenced with an arrest warrant, the warrant must be made under oath or affirmation, that does not support the conclusion that the arrest violated the Fourth Amendment. In *Virginia v Moore*,[22] the Supreme Court considered a case where the defendant was arrested for a misdemeanor under circumstances in which a state statute required the issuance of a summons rather than a custodial arrest. A subsequent search of the defendant yielded cocaine.[23] The Court concluded that, while states are free to impose additional restrictions on the arrest powers of the police, such restrictions do not alter the protections of the Fourth Amendment.[24] That is, a violation of the additional state restriction does not violate the Fourth Amendment and, therefore, does not render invalid the search subsequent to the arrest.[25] Therefore, even if we were to agree with defendant that the court rule creates a requirement that probation-violation proceedings must be commenced by either a summons or an arrest warrant, and that the warrant must be sworn to, a violation of such a requirement still would not amount to a Fourth Amendment violation that would render the arrest, and the subsequent search, constitutionally infirm.

For the above reasons, we conclude that it does not matter whether the arrest warrant in this case was unsworn because it was unnecessary for there to be a sworn arrest warrant. Defendant's arrest was lawful under the Fourth Amendment and, therefore, so was the subsequent search.

---

[22] *Virginia v Moore*, 553 US 164, 167; 128 S Ct 1598; 170 L Ed 2d 559 (2008).

[23] *Id.*

[24] *Id.* at 176.

[25] *Id.* at 176-177.

In light of this conclusion, it is unnecessary to consider the prosecution's second argument, whether the exclusionary rule should be applied in this situation assuming that the arrest was, in fact, unlawful.

For the above reasons, we conclude that the trial court erred by granting defendant's motion to suppress the evidence.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

WHITBECK and M. J. KELLY, JJ., concurred with SAWYER, P.J.