# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

JOHN DAVID VANDERPOOL,

   Defendant-Appellant.

FOR PUBLICATION
August 7, 2018

No.  337686
Tuscola Circuit Court
LC No.  13-012652-FH;
    16-013674-FH

Before:  CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

O'CONNELL, J. (*concurring*).

I concur with Judge Cameron's well-written opinion.  I write separately to point out the legal insufficiency of the dissenting opinion.

The dissent agrees that the trial court had the authority to extend probation but takes issue with the procedure for doing so.  The dissent contends that the majority failed to address Vanderpool's due process rights.  Neither defendant, John David Vanderpool, nor the dissent identifies a constitutional inadequacy in the procedure for extending or amending probation.

First, the dissent overextends the legal concept stated in *People v Eason*, 435 Mich 228, 233; 458 NW2d 17 (1990), that due process requires the prosecution to provide a defendant with notice of the criminal charges and to prove the statutory elements of the offense beyond a reasonable doubt.  This principle is unquestionably true for obtaining a conviction.  After a defendant has been convicted, however, "[p]robation is a matter of legislative grace." *People v Glenn-Powers*, 296 Mich App 494, 502; 823 NW2d 127 (2012).  Even in a probation revocation proceeding, a defendant has limited constitutional rights compared to a criminal trial. *People v Breeding*, 284 Mich App 471, 481; 772 NW2d 810 (2009).

In addition, the probation officer, not the prosecution, filed the petition to extend probation, and the burden of proof for obtaining a conviction is more stringent than the burden of proving a probation violation.  A probation officer's primary function is to oversee the probationer's rehabilitation. *Gagnon v Scarpelli*, 411 US 778, 784; 93 S Ct 1756; 36 L Ed 2d 656 (1973).  In this case, the probation officer extended probation to account for the time Vanderpool was subject to a bench warrant for failing to participate in a presentence investigation interview after pleading nolo contendere to assaulting a police officer, MCL 750.81d(1).  Soon after the trial court signed off on the petition to extend probation, the probation officer requested four bench warrants in two months for numerous violations of

-1-

probation, including possession of heroin, a scale for distribution, and other drug paraphernalia. Only after the probation officer obtained these bench warrants did the prosecution attend hearings regarding the probation violations.[1]  Moreover, the prosecution bears the burden of proving a probation violation by a preponderance of the evidence. *Breeding*, 284 Mich App at 487.  These characteristics unique to probation do not support the extension of due-process principles governing a criminal trial to a post-conviction extension of probation.

Finally, the difference between the *loss* of liberty, following revocation of probation, and a *constraint* on liberty, imposed by the continuation of probation, is significant.  In *Gagnon*, 411 US at 781-782, the ruling that due process required a preliminary hearing and a final hearing before probation could be revoked arose out of a concern for the defendant's loss of liberty.  By contrast, extending probation does not give rise to a comparable loss of liberty.  Applying the procedural protections for a probationer facing revocation to an extension or amendment of probation is unwarranted.

Due process is a balancing act.  *Morrissey v Brewer*, 408 US 471, 481; 92 S Ct 2593; 33 L Ed 2d 484 (1972).  The procedure for extending or amending probation already satisfies due process.  See *People v Marks*, 340 Mich 495, 501; 65 NW2d 698 (1954).

/s/ Peter D. O'Connell

---

[1] The prosecution also filed new charges for possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*), and possession of less than 50 grams of heroin with intent to deliver, MCL 333.7401(2)(a)(*iv*).  Vanderpool waived his rights, including the right to a hearing on the probation violations, before pleading guilty to a single probation violation and possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*).  Further, when Vanderpool pleaded guilty to the probation violation, he agreed that he was on probation during the relevant time period.