*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

CHAD WAYNE BUTTS,

Defendant-Appellee.

UNPUBLISHED
July 17, 2025
3:25 PM

No. 371001
Clare Circuit Court
LC No. 2023-007243-FH

Before: CAMERON, P.J., and REDFORD and GARRETT, JJ.

PER CURIAM.

Defendant, Chad Wayne Butts, became angry and belligerent when a Clare County Sheriff's Department officer asked him to remove his dog from the midway of the Clare County Fairgrounds. Officers attempted to detain Butts after he struck one of the officers with his elbow, but he resisted. The prosecution charged Butts with resisting or obstructing a police officer causing injury, MCL 750.81d(2), and resisting or obstructing a police officer, MCL 750.81d(1). The district court bound Butts over for trial, but the circuit court granted his motion to dismiss the charges, finding that his arrest was unlawful. Because the officers lawfully attempted to detain Butts at the time that he resisted, we reverse and remand for reinstatement of the charges.

## I. BACKGROUND

On July 29, 2023, Clare County Sheriff's Department Deputy Jesse Loudenslager and Reserve Officer Gary Biggs were working at the Clare County Fair in Harrison, Michigan. Loudenslager, who was working on horseback, told Biggs that he had asked Butts to remove his dog from the midway of the fairgrounds. Loudenslager asked Biggs to follow up to ensure that Butts removed the dog. Biggs approached Butts and apologetically told him that he needed to remove his dog from the midway because fairgrounds rules prohibited dogs in that area. Butts angrily objected to removing his dog and asked to speak with Biggs's supervisor. Butts then turned, striking Biggs with his elbow and causing Biggs's microphone to flip over his shoulder. Biggs pushed Butts away from him. Butts insulted Biggs, used profanity, smelled of alcohol, and began speaking louder. Biggs radioed for assistance.

Clare County Detective-Sergeant David Aldrich arrived. Loudenslager, who had apparently witnessed the interaction between Butts and Biggs, told Aldrich that Butts had pushed Biggs. Aldrich then grabbed Butts's arm and asked him to "step away" and talk to Aldrich. Butts pulled his arm away and asked Aldrich "who the 'f' [he] was." Aldrich identified himself and stated to Butts, "[c]ome over here and talk with me." Butts pulled his arm away again, and Aldrich told Biggs that Aldrich and Biggs were going to take Butts and place him against the wall of the "old sheriff's station" on the fairgrounds. Aldrich held Butts's right arm behind his back and moved him to the wall. While Biggs attempted to gain control of Butts's left arm, Butts was able to get his right arm free and "threw" it backward at Aldrich. A struggle ensued, and Butts tried to pull away as Aldrich and Biggs took Butts to the ground and handcuffed him. According to Aldrich, Butts was not under arrest until he threw his elbow at Aldrich, at which point Aldrich decided to arrest him. During the struggle, Aldrich sustained a minor injury to his knee.

Following a preliminary examination, the district court bound Butts over for trial. In the circuit court, Butts moved to dismiss the charges, arguing that Aldrich unlawfully arrested him without probable cause when Aldrich grabbed his arm and forced him over to the wall. The circuit court agreed with Butts and granted his motion. The prosecution now appeals.

## II. ANALYSIS

We review de novo the circuit court's decision on a motion to quash a bindover and review for an abuse of discretion the district court's bindover decision. *People v Crumbly*, 346 Mich App 144, 166; 11 NW3d 576 (2023). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *People v Hawkins*, 340 Mich App 155, 173; 985 NW2d 853 (2022). "[A] trial court necessarily abuses its discretion when it makes an error of law." *Id*. (quotation marks and citation omitted).

Both the Fourth Amendment to the United States Constitution and Const 1963, art 1, § 11, protects persons from unreasonable seizures. *People v Custer*, 465 Mich 319, 326; 630 NW2d 870 (2001). "Because arrests are seizures of persons, they must be reasonable under the circumstances." *Dist of Columbia v Wesby*, 583 US 48, 56; 138 S Ct 577; 199 L Ed 2d 453 (2018) (quotation marks omitted). "In order to be reasonable, an arrest must be justified by probable cause." *People v Hammerlund*, 504 Mich 442, 451; 939 NW2d 129 (2019). "Probable cause to arrest exists where the facts and circumstances within an officer's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed." *Id*. (quotation marks and citation omitted). Probable cause is "judged from the totality of the circumstances before the arresting officers." *People v Maggit*, 319 Mich App 675, 682; 903 NW2d 868 (2017) (quotation marks and citation omitted). The standard is objective and thus not dependent on an arresting officer's subjective intent and beliefs. *People v Glenn-Powers*, 296 Mich App 494, 499-501; 823 NW2d 127 (2012).

A police officer may also lawfully detain a person absent probable cause in certain circumstances. *People v Pagano*, 507 Mich 26, 32; 967 NW2d 590 (2021). If a police officer has a reasonable and articulable suspicion of criminal behavior, the officer may briefly detain a person to investigate the possible criminal activity although probable cause for an arrest is lacking. *Id*.

"Colloquially, a brief detention of this sort is referred to as a *Terry*[1] stop." *Id.* While the level of suspicion for a *Terry* stop is less than that required to establish probable cause for an arrest, "an officer must have more than an inchoate or unparticularized suspicion or hunch." *People v Prude*, 513 Mich 377, 387; 15 NW3d 249 (2024) (quotation marks, citation, and brackets omitted). The officer must have particularized and objective grounds, based on the totality of the circumstances, for suspecting the person stopped of engaging in criminal activity. *Navarette v California*, 572 US 393, 396-397; 134 S Ct 1683; 188 L Ed 2d 680 (2014).

Under MCL 750.81d(1), "an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties is guilty of a felony . . . ." The definitions of "person" in the statute include a police officer, a sheriff, and a deputy sheriff. MCL 750.81d(7)(b)(*i*) and (*v*). The elements of assaulting or obstructing a police officer are:

> (1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties. [*People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014) (quotation marks and citation omitted).]

In addition, "the prosecution must establish that the officer[] acted lawfully as an actual element of the crime of resisting or obstructing a police officer under MCL 750.81d." *Id*. at 492. MCL 750.81d(7)(a) defines "obstruct" as "the use or threatened use of physical interference or force . . . ." "A battery is the wilful and harmful or offensive touching of another person which results from an act intended to cause such a contact." *People v Morris*, 314 Mich App 399, 410; 886 NW2d 910 (2016) (quotation marks and citation omitted). A person has a common-law right to resist an unlawful arrest. *People v Moreno*, 491 Mich 38, 58; 814 NW2d 624 (2012).

Further, "to bind a defendant over for trial in the circuit court, the district court must find probable cause that the defendant committed a felony." *People v Anderson*, 501 Mich 175, 181; 912 NW2d 503 (2018) (citation omitted). Probable cause "requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt on each element of the crime charged." *People v Yamat*, 475 Mich 49, 52; 714 NW2d 49 (2006) (quotation marks and citations omitted). Even if the evidence conflicts, probable cause to bind over a defendant will generally exist. *Anderson*, 501 Mich at 186.

Regarding count 1 pertaining to Aldrich, the district court properly bound Butts over for trial on the charge of resisting or obstructing a police officer causing injury, and the circuit court erred by dismissing that charge. When Aldrich approached Butts, Butts was clearly angry. He was speaking to Biggs in a loud voice and using profanity. Loudenslager also told Aldrich that Butts had pushed Biggs. Those facts gave rise to an objectively reasonable and particularized suspicion that Butts had battered Biggs as stated in MCL 750.81d(1). As such, Aldrich could

---

[1] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

lawfully detain Butts to investigate the matter. Although Aldrich grabbed Butts's arm and placed him against the wall, such physical force was permissible. See *Terry v Ohio*, 392 US 1, 20 n 16; 88 S Ct 1868; 20 L Ed 2d 889 (1968) ("Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred."). Aldrich had probable cause to arrest Butts after Butts physically resisted Aldrich's lawful detention of him and "threw" his elbow at Aldrich. Moreover, Aldrich's knee was bleeding after he struggled with Butts on the ground in order to handcuff him. A paramedic on mounted patrol treated Aldrich's knee injury. Accordingly, Butts's detention and subsequent arrest were lawful, and the district court properly bound him over for trial on the charge of resisting or obstructing a police officer causing injury. The circuit court erred by later dismissing the charge.

With respect to count 2, the evidence also established probable cause to support Butts's bindover for resisting or obstructing Officer Biggs. Biggs lawfully approached Butts and asked him to remove his dog from the midway. Biggs was wearing his standard sheriff's department uniform. As Butts turned, his elbow struck Biggs with enough force to flip Biggs's microphone over his shoulder. The fact that Butts cursed at Biggs and made a derogatory comment concerning Biggs's status as a reserve officer indicate that Butts's physical contact with Biggs was intentional. In any event, as the district court recognized, whether the contact was intentional was a factual issue for the trier of fact to resolve. Because the prosecution presented evidence from which each element of resisting or obstructing a police officer could be found, the district court did not abuse its discretion by binding Butts over on count 2, and the circuit court erred by dismissing the charge.

Reversed and remanded for reinstatement of the charges. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ James Robert Redford
/s/ Kristina Robinson Garrett