### PEOPLE v SCHOFIELD

Docket No. 61321. Submitted November 4, 1982, at Grand Rapids.—
Decided March 10, 1983. Leave to appeal applied for.

Gerald A. Schofield pled guilty in Kent Circuit Court, George V.
Boucher, J., to a charge of armed robbery pursuant to a plea
agreement whereby the prosecutor agreed to drop a felony-
firearm charge against defendant. Defendant appeals, contend-
ing that the plea agreement was illusory because he could not
have been convicted of felony-firearm because he committed the
robbery with only a toy gun. *Held:*

A defendant who commits an armed robbery with a toy gun
cannot be convicted of felony-firearm since the term "firearm"
as used in the felony-firearm statute does not include toy guns.
Defendant's plea agreement was worthless, and defendant,
having pled guilty in ignorance of the true value of the agree-
ment, is entitled to withdraw his plea.

Reversed and remanded to afford the defendant an opportu-
nity to withdraw his plea.

1. CRIMINAL LAW — GUILTY PLEAS — PLEA BARGAINS — VOLUNTARY
   PLEA.

   A defendant who pleads guilty pursuant to a plea bargain must
   be aware of the actual value of the commitments made to him
   in order to plead voluntarily.

2. CRIMINAL LAW — ROBBERY — ARMED ROBBERY — TOY GUNS.

   The use of a toy gun, disguised as a real one, may support a
   conviction for armed robbery.

3. CRIMINAL LAW — FELONY-FIREARM — TOY GUNS.

   A defendant who commits an armed robbery with a toy gun
   cannot be convicted of felony-firearm.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21A Am Jur 2d, Criminal Law §§ 470, 471, 481.
    Validity of guilty plea—Supreme Court cases. 25 L Ed 2d 1025.
[2, 3] 67 Am Jur 2d, Robbery § 6.
    Robbery by means of toy or simulated gun or pistol. 81 ALR3d
    1006.
[3] 21A Am Jur 2d, Criminal Law § 277 *et seq.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, *Carol S. Irons,* Chief Appellate Attorney, and *Timothy K. McMorrow,* Assistant Prosecuting Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: MacKenzie, P.J., and R. M. Maher and C. W. Simon, Jr.,* JJ.

Per Curiam. Defendant pled guilty to armed robbery. MCL 750.529; MSA 28.797. Sentenced to from 5 to 15 years imprisonment, he appeals by right.

Defendant was originally charged with armed robbery and felony-firearm. MCL 750.227b; MSA 28.424(2). In exchange for his plea of guilty to the former offense, the prosecutor agreed to drop the felony-firearm charge. Defendant argues that his plea bargain was illusory because he could not have been convicted of felony-firearm. Conviction on that offense is barred, defendant maintains, because he committed the robbery with only a toy gun.

A defendant who pleads guilty pursuant to a plea bargain must be aware of the actual value of the commitments made to him. *People v Lawson,* 75 Mich App 726; 255 NW2d 748 (1977). If the defendant could not have been convicted of felony-firearm, then the prosecutor's promise to drop that charge was worthless. We must decide, therefore, whether a defendant who commits an armed robbery with a toy gun may be convicted of felony-firearm.

The use of a toy gun, disguised as a real one, may support a conviction for armed robbery. We

---

* Circuit judge, sitting on the Court of Appeals by assignment.

conclude, however, that it is insufficient for felony-firearm. The statute prohibits carrying or possessing a "firearm" in the course of a felony or attempted felony. The statutory term "firearm", however, cannot be reasonably construed to include a toy gun. MCL 8.3t; MSA 2.212(20) defines a firearm as a "weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion" with certain exceptions not applicable here. Toy guns, of course, discharge no projectiles. We conclude that a toy gun is not a "firearm" as that term is used in MCL 750.227b; MSA 28.424(2). The defendant, consequently, could not have been convicted of felony-firearm.

The defendant's plea bargain was worthless and the defendant, having pled guilty in ignorance of the true value of the bargain, is entitled to withdraw his plea.

Reversed and remanded to afford the defendant an opportunity to withdraw his plea.