# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KEVIN MICHAEL CLARK,

Defendant-Appellant.

UNPUBLISHED
March 24, 2015

No. 318697
Livingston Circuit Court
LC No. 13-021225-FC

Before: WILDER, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Defendant was charged with armed robbery, MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. A jury found him guilty of armed robbery, but acquitted him of felony-firearm. The trial court sentenced defendant to a prison term of 11 to 50 years. Defendant appeals as of right. We affirm in part and remand.

This case arises from a robbery that took place on December 20, 2010, at the 'Lil Chef Restaurant in Brighton. The owner of the restaurant, James "Scott" Steele, testified that defendant pointed a gun at him on three occasions during the course of the robbery. This was corroborated by waitress Stephanie Daniels, who testified that she saw defendant point a handgun at Steele. Defendant did not dispute that he was at the restaurant on that date and that he was involved in an altercation with Steele. He did, however, dispute that he possessed, used, or pointed a gun at Steele. Both Steele and Daniels testified that they were familiar with guns and that the gun appeared to be real, although they admitted that they could not be absolutely certain.

Defendant argues that the trial court erred in scoring offense variables (OV) 1, MCL 777.31 (Aggravated Use of Weapon), and 2, MCL 777.32 (Lethal Potential of Weapon Possessed or Used), of the sentencing guidelines because no evidence was presented to support a finding that he possessed a real gun. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence. Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (citations omitted).

-1-

Concerning OV 1, MCL 777.31(1)(c) provides that 15 points should be assessed when "[a] firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon." The guidelines do not define the term "firearm." However, MCL 8.3 provides that "[i]n the construction of the statutes of this state, the rules stated in sections 3a to 3w shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature." Section 3t provides as follows:

> The word "firearm", except as otherwise specifically defined in the statutes, shall be construed to include any weapon from which a dangerous projectile may be propelled by using explosives, gas or air as a means of propulsion, except any smooth bore rifle or handgun designed and manufactured exclusively for propelling BB's not exceeding .177 caliber by means of spring, gas or air.

MCL 777.31(1)(c) only applies to the pointing of an actual firearm, and a toy or fake gun does not meet the statutory definition of a firearm. Cf. *People v Schofield*, 124 Mich App 134, 135; 333 NW2d 607, rev'd on other grounds 417 Mich 988 (1983) (noting that a toy gun cannot discharge a projectile and is not a "firearm" for purposes of the offense of felony-firearm).

Defendant did not present any evidence that he used a toy gun during the robbery; indeed, defendant denied possessing or using any gun. Daniels testified that she is familiar with guns and that defendant used what appeared to her to be a real gun during the robbery. Steele testified that he was very close to the gun, that he is familiar with what guns look like from viewing his son's guns, and that he was absolutely certain that the gun was real. Although Daniels testified on cross-examination that she could not be absolutely certain that the gun was real, and Steele testified on cross-examination that he did not know whether the gun was capable of firing a projectile, their testimony supports the trial court's scoring of 15 points for OV 1.

Concerning OV 2, MCL 777.32(1)(d) states that five points should be assessed when "[t]he offender possesse[s] or use[s] a pistol, rifle, shotgun, or knife or other cutting or stabbing weapon." The terms "pistol," "rifle," and "shotgun" are defined to include "a revolver, semi-automatic pistol, rifle, shotgun, combination rifle and shotgun, or other firearm manufactured in or after 1898 that fires fixed ammunition." MCL 777.32(3)(c). As with OV 1, the testimony of Steele and Daniels serves as the requisite evidence for the trial court's scoring of 5 points for OV 2.

Defendant asserts that the trial court's scoring decisions for OV 1 and OV 2 are inconsistent with the jury's finding that he was not guilty of felony-firearm. This argument ignores that a trial court's factual findings for purposes of sentencing are not subject to the same beyond a reasonable doubt standard required for a conviction. Rather, factual support for a guidelines scoring decision need only be established by a preponderance of the evidence. *People v Perez*, 255 Mich App 703, 713; 662 NW2d 446, vacated in part on other grounds 469 Mich 415 (2003); see also *People v Ratkov (After Remand)*, 201 Mich App 123, 126; 505 NW2d 886 (1993) (noting that because of the differing standard of proof, "situations may arise wherein although the fact finder declined to find a fact proven beyond a reasonable doubt for purpose of

convictions, the same fact may be found by a preponderance of the evidence for purposes of sentencing").[1]

Defendant also argues that trial counsel provided ineffective assistance during sentencing in waiving the issue of whether defendant was honorably discharged from the navy. At the sentencing hearing, defense counsel referred to defendant being honorably discharged from the navy, and the trial court interrupted with an indication that it "wondered about that" and that the "report," presumably meaning the presentence report, does not state that he was honorably discharged. Thereafter, defense counsel stated, "leave that out," presumably referring to the assertion that defendant was honorably discharged.

Defendant raised this issue in a motion to remand filed in this Court. Defendant argued that there was no conceivable strategic benefit in failing to make a motion to adjourn to obtain evidence that defendant was honorably discharged from the navy, which, he argued, would have been used by the trial court to lower his minimum sentence. We granted in part defendant's motion to remand. *People v Clark,* unpublished order of the Court of Appeals, entered August 28, 2014 (Docket No. 318697).

The transcript of the hearing on remand reveals that the court had previously held a conference with the prosecution and defense counsel that resulted in a stipulation that was placed on the record. The following discussion was then had:

> *Prosecutor*: We had that conference back on the 18th of September . . . regarding the Court of Appeals remand to determine whether it would have made a difference in the Court's sentencing of defendant. If Kevin Clark's honorable discharge from the Navy was a matter of record. And also whether defendant fled or relocated to Florida. And it was . . . the Court's indication that the honorable discharge would have made a difference and that whether defendant fled or relocated would not have made a difference. We're here today to make a record

---

[1] In further support of the argument that the guidelines were scored in contravention of the jury's determination, defendant cites *People v Lockridge,* 304 Mich App 278, 284; 849 NW2d 388 (2014), lv gtd 496 Mich 852 (2014), in which the Supreme Court granted leave to decide, in part,

> whether a judge's determination of the appropriate sentencing guidelines range, MCL 777.1, *et seq.*, establishes a "mandatory minimum sentence" such that the facts used to score the offense variables must be admitted by the defendant or established beyond a reasonable doubt to the trier of fact, *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013).

This Court has determined that the decision in *Alleyne* does not implicate Michigan's sentencing scheme because "judicial fact-finding within the context of Michigan's sentencing guidelines [is] not used to establish the mandatory minimum floor of a sentencing range." *People v Herron,* 303 Mich App 392, 403; 845 NW2d 533 (2013), appeal held in abeyance 846 NW2d 924 (2014). The decision in *Herron* is currently binding on this Court and must be followed. MCR 7.215(J)(1).

of that. This may result in a re-sentencing for the defendant . . . when this is relayed to the Court of Appeals, but they do have other scoring issues on Offense Variable 1 and 2 that they are also considering. And eventually this may be remanded for a re-sentencing based on today's hearing. But at this point the Court of Appeals still has jurisdiction regarding those other two issues. And so we would stipulate to the pre-sentence being changed to indicate that instead of fleeing to Florida the defendant relocated to Florida. I believe that constitutes—

*The court*: And . . . you would also stipulate is my understanding that his discharge from the service was a honorable discharge?

*The prosecutor*: That is correct, Your Honor.

\* \* \*

*The court*: So the pre-sentence can be amended to reflect those two stipulations. I did indicate to counsel at the time of our chambers conference call that—and I believe [the prosecutor] stated it correctly, I had previously made scoring on OV-19 that I felt that he had not attempted to circumvent the ends of justice by being in Florida and that would not change my opinion regarding sentencing. However, I did indicate that there was a possibility that his having been honorably discharged from the service would affect my decision regarding the sentence in this case and I would so state on the record.

The trial court thereafter ordered that "Kevin Clark's honorable discharge from the U.S. Navy will become part of the record and the presentence report will reflect that and change 'fled' to 'relocated' to Florida."

To establish ineffective assistance of counsel, defendant must "show both that counsel's performance fell below objective standards of reasonableness, and that it is reasonably probable that the results of the proceeding would have been different had it not been for counsel's error." *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007). This Court's remand for further development of the record resulted in a stipulation regarding amendment of the presentence information report (PSIR). The trial court stated that "there was a possibility that his having been honorably discharged from the service would affect my decision regarding the sentence in this case."

We conclude that defense counsel's performance fell below objective standards of reasonableness when counsel failed to seek an adjournment or to otherwise be allowed to establish that defendant was honorably discharged from the navy after the trial court expressly stated that it wondered about that point. Indeed, the trial court's statement that it wondered whether defendant was honorably discharged should have put counsel on notice that an honorable discharge may well have been viewed by the trial court as a mitigating factor in sentencing. Additionally, given the trial court's statement on the record during the remand hearing that "there was a possibility that his having been honorably discharged from the service would affect my decision regarding the sentence in this case," it is reasonably probable that the results of the proceeding would have been different had it not been for counsel's error.

-4-

Given these circumstances, and in light of this Court's order of remand, we again remand, this time to give the trial court the opportunity to consider what it articulated "was a possibility that his having been honorably discharged from the service would affect [its] decision regarding the sentence in this case."

Lastly, defendant argues that he is entitled to a remand for the ministerial task of correcting the PSIR to reflect that defendant did not flee to Florida after the incident and that he was honorably discharged from the navy. The trial court made the requested corrections to the PSIR on remand. No further consideration is warranted.

Affirmed in part and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.

/s/ Kurtis T. Wilder
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens